IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSA AYALA; NATALIA MADRIGAL; FABIAN MADRIGAL; STEVE HEINRICH; KIMBERLEE HEINRICH,

Plaintiffs,

v.

SILVER LEGACY HOTEL AND RESORTS; KONE, INC.,

Defendants.

________________________________

2:11-cv-1788-GEB-KJN

ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE

The July 7, 2011 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 17, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The July 7, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 28, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file

a timely status report. The written response shall also state whether Plaintiffs or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 28, 2011 at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) of the Federal Rules of Civil Procedure that if defendant Kone, Inc. is not served with process within the 120 day period prescribed in that Rule, it may be dismissed as a defendant. To avoid dismissal, Plaintiff shall file proof of service or explain in a filing "good cause for the failure" to serve within Rule 4(m)'s prescribed period no later than 4:00 p.m. on November 7, 2011.

IT IS SO ORDERED.

Dated: October 6, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).