IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Ross Ayala, Natalia Madrigal, )
Fabian Madrigal, Steve Heinrich, ) 2:11-cv-1788-GEB-KJN
and Kimberlee Heinrich, )
                                          )
            Plaintiffs, ) <u>ORDER DENYING DEFENDANTS'</u>
                                          ) <u>MOTIONS TO DISMISS; DENYING</u>
     v. ) <u>PLAINTIFFS MOTION</u>[*]
                                          )
Silver Legacy Hotel and Resorts, )
and Kone, Inc., )
                                          )
            Defendants. )
_____ )

        Pending are two motions, one was filed October 12, 2011, and the other on November 10, 2011. Both motions seek dismissal of Plaintiffs' complaint based on the argument that it is barred by California's two-year statute of limitations applicable to personal injury claims. Each movant argues since the alleged torts in the complaint occurred on July 4, 2009 and Plaintiffs' complaint was not filed until July 7, 2011, the complaint is barred by this statute.

        Plaintiffs oppose each motion and counter move to amend the date on which the Clerk's Office filed their complaint to July 5, 2011, so that the date on the complaint reflects the date on which they electronically submitted the complaint to the Clerk of Court without paying the applicable filing fee. Plaintiffs argue July 5, 2011 is the

---

      [*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  date the complaint was filed, even though the Clerk of Court did not
2  docket the complaint until July 7, 2011. Plaintiffs submitted a
3  declaration from their counsel in support of this argument, to which is
4  attached a "Notice of Electronic Filing" of Plaintiffs' complaint on
5  July 5, 2011. (Decl. of Eduardo Gonzalez, Ex. A, ECF No. 12.) The Court
6  docket shows that the Clerk's Office received Plaintiffs' complaint on
7  July 5, 2011.

8  "[F]or purposes of the statute of limitations the district
9  court should regard as 'filed' a complaint which arrives in the custody
10 of the clerk within the statutory period but fails to conform with
11 formal requirements in local rules." Loya v. Desert Sands Unified Sch.
12 Dist., 721 F.2d 279, 281 (9th Cir. 1983). Therefore, each Defendant's
13 dismissal motion is DENIED.

14 Further, Plaintiffs' counter motion to amend is DENIED since
15 "there is no reason to change the filing date [on the complaint], as
16 that date reflects what actually happened in this case and no prejudice
17 to [Plaintiffs] could occur." Cintron v. Union Pac. R.R. Co., 813 F.2d
18 917, 919 (9th Cir. 1987).

Dated:  November 17, 2011

GARLAND E. BURRELL, JR.
United States District Judge