IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSA AYALA; NATALIA MADRIGAL;            )
FABIAN MADRIGAL; STEVE HEINRICH;         )    2:11-cv-1788-GEB-KJN
KIMBERLEE HEINRICH,                      )
                                         )
                Plaintiffs,              )    STATUS (PRETRIAL SCHEDULING)
                                         )    ORDER
          v.                             )
                                         )
SILVER LEGACY HOTEL AND RESORTS;         )
KONE, INC.,                              )
                                         )
                Defendants.              )
_____)

        Plaintiffs and their counsel were issued an Order to Show Cause ("OSC") on October 7, 2011 for failing to file a status report, to which Plaintiffs' counsel responded. (ECF Nos. 5, 9.) Plaintiffs' counsel's negligence excuse for failing to file a timely status report ignores the obligation to be attentive to filing deadlines and the applicable sanctioning standard. A sanction may be imposed under Federal Rule of Civil Procedure 16(f) unless the judge finds the noncompliance with a filing requirement "was substantially justified or that other circumstances" show it should not issue. See Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him"). Further, "[t]he cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d at 1241, 1244 (9th Cir. 1998). Nevertheless, a sanction will not be imposed.

1  The OSC rescheduled the status conference to November 28, 2011. Plaintiffs filed a Status Report ("SR") on November 14, 2011; Defendants have not filed a status report. In light of Plaintiffs' status report, the November 28, 2011, status (pretrial scheduling) conference is vacated and the following Order issues.

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Plaintiffs state in the SR: "In the even[t] that disclosures by defendants pursuant to F.R.C.P. Rule 26 disclose the existence of responsible parties, Plaintiff may seek leave to amend the Complaint to include such person(s), which would occur before December 30, 2011." (SR 2:2-4.)

Plaintiffs have until December 30, 2011, to file a motion in which leave is sought to file the referenced amendment, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown. The referenced motion must be noticed for hearing on the Court's earliest available law and motion date.

## ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff joins a party pursuant to the leave given above, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

## DISCOVERY

All discovery shall be completed by September 19, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before April 19, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before May 18, 2012.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is November 19, 2012, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 28, 2013 at 11:00 a.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on April 23, 2013.

Dated:  November 17, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge